IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

KEVIN D. QUINTON, SR.,                                                                    PLAINTIFF
ADC #141610

v.                                   3:20CV00146-DPM-JTK

SHIELA ARMSTRONG et al.                                                                 DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Chief Judge D. P. Marshall Jr.  Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.  Why the record made before the Magistrate Judge is inadequate.

2.  Why the evidence proffered at the hearing before the District Judge (if such a Hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.  The detail of any testimony desired to be introduced at the hearing before the

1

District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

### I. Introduction

Plaintiff Kevin Quinton is a state inmate confined at the Ouachita River Unit of the Arkansas Division of Correction (ADC), who filed this pro se 42 U.S.C. § 1983 action alleging improper medical care by Defendants while he was incarcerated at the Grimes Unit. (Doc. No. 2). By Order dated May 27, 2020, this Court granted Plaintiff's Motion to Proceed in forma pauperis in this lawsuit, but directed him to amend his Complaint in thirty days, noting that he did not allege specific facts with respect to the three named Defendants. (Doc. No. 4)

Plaintiff filed an Amended Complaint (Doc. No. 6); having reviewed it the Court finds it should be dismissed, for failure to state a claim upon which relief may be granted.

### II. Screening

The Prison Litigation Reform Act (PLRA) requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims

that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief.   28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).   Whether a plaintiff is represented by counsel or is appearing pro se, his complaint must allege specific facts sufficient to state a claim.   See Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir.1985).   An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).   In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction.   Haines v. Kerner, 404 U.S. 519, 520 (1972).   The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless.   Denton v. Hernandez, 504 U.S. 25, 32 (1992).

Additionally, to survive a court's 28 U.S.C. § 1915(e)(2) and 42 U.S.C. § 1997e(c)(1) screening, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009), citing Twombly, 550 U.S. at 570.   A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.   Twombly, 550 U.S. at 556-7.   The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of entitlement to relief." Id.

### III. Facts and Analysis

Plaintiff alleged in his Amended Complaint that he injured his knee at the Grimes Unit on April 24, 2019, and received an x-ray on April 25, 2019. (Doc. No. 6, p. 5) Defendant Simmons examined him on that day and noted, "Localized tenderness, bruising, swelling. Visible deformity, pain with ROM (range of motion) decreased ROM, limited weight bearing, pain while at rest. X-ray exam notes by Pratul M. Patel 3V Lat oblique No facture on dislocation seen, No supnapattelar joint infusions seen. Conclusion unremarkable knee." (Id.) Plaintiff stated that Simmons instructed him on isometric exercises to help strengthen the knee, but that he continued to complain "to medical team" about pain and swelling in his knee. (Id.) He wrote grievances and talked with Defendant Allen who told him his knee would be taken care of. (Id.) Defendant Armstrong responded to his grievances by stating that he was seen according to the providers opinion. (Id.) Plaintiff received a MRI on June 6, 2019 at an outside hospital and an outside physician saw him on June 25, 2019. (Id., p. 6) That physician told Plaintiff to work on range of motion and prescribed him a neoprene sleeve which was provided to him by the medical team at Grimes on June 28, 2019. (Id.) He placed sick calls and wrote grievances when he continued to experience pain, until he was transferred on July 28, 2019 to the Randall L. Williams Unit. (Id.)

The remainder of Plaintiff's Amended complaint chronicles his medical care at other units by other non-party medical personnel. (Id., pp. 6-10) Plaintiff had surgery on his left knee on September 5, 2019, and as of May 15, 2020, continued to suffer pain and other issues. (Id., p. 9) He alleged that Defendants misdiagnosed him and failed to provide him timely surgery. (Id.)

To support a claim for an Eighth Amendment violation, Plaintiff must allege that Defendants were deliberately indifferent to a serious medical need. Farmer v. Brennan, 511 U.S.

4

825, 834 (1994). However, even negligence in diagnosing or treating a medical condition does not constitute a claim of deliberate indifference. Estelle v. Gamble, 429 U.S. 97, 105-06 (1976). Rather, the "prisoner must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not rise to the level of a constitutional violation," Estate of Rosenberg v. Crandell, 56 F.3d 35, 37 (8th Cir. 1995). See also Smith v. Marcantonio, 910 F.2d 500, 502 (8th Cir. 1990) (holding that a mere disagreement with a course of medical treatment is insufficient to state a claim for relief under the Eighth Amendment). Furthermore, prison physicians are entitled to exercise their medical judgment, and "do not violate the Eighth Amendment when, in the exercise of their professional judgment, they refuse to implement a prisoner's requested course of treatment." Long v. Nix, 86 F.3d 761, 765 (8th Cir. 1996).

The Court finds that Plaintiff's allegations against Defendants Simmons and Allen amount to a disagreement over the type of treatment provided, and do not support a claim of deliberate indifference in violation of the Eighth Amendment. Plaintiff's allegation against Defendant Simmons is that he committed malpractice by mis-diagnosing him, but according to Plaintiff's Amended Complaint, Simmons examined him the day after his injury and after an x-ray, and directed that certain exercises be performed to strengthen the knee. This "diagnosis" was not contradicted by the outside physician who examined Plaintiff in June 2019 and provided him a neoprene sleeve and instructed him to work on range of motion. In addition, Plaintiff's allegation against Defendant Allen appears to be based on his position as Director of Nursing, and Plaintiff provides no allegation that Allen examined him and then deliberately disregarded Plaintiff's complaints. A supervisor incurs liability only when personally involved in the constitutional violation or when the corrective inaction constitutes deliberate indifference toward the violation.

Choate v. Lockhart, 7 F.3d 1370, 1376 (8th Cir. 1993). In particular, the plaintiff must show that the supervisor knew about the conduct and facilitated it, approved it, condone it, or turned a blind eye to it. Boyd v. Knox, 47 F.3d 966, 968 (8th Cir. 1995).

Plaintiff did not allege any additional facts/actions by the Defendants after May 2019, and according to the Complaint, he received additional tests, examinations, and surgery by outside physicians. He did not allege that Defendants Simmons and Allen refused to treat his knee and he did not allege conduct which supports an allegation of deliberate indifference. The remainder of his Complaint alleges problems at other Units involving individuals who were not named as Defendants.

Finally, his allegation against Defendant Armstrong based on her response to his grievance does not support a constitutional claim for relief. Plaintiff "does not have a federal claim regarding how his grievances were processed, investigated, or responded to, even if they were not done by the appropriate personnel or in accord with the policies." Edgar v. Crawford, No. 08-4279-CV-C-SOW, 2009 WL 3835265, *3 (W.D.Mo. 2009). Therefore, Plaintiff's Amended Complaint against Defendants should be dismissed, for failure to state a claim upon which relief may be granted.[1]

**IV.  Conclusion**

IT IS, THEREFORE, RECOMMENDED that:

1. Plaintiff's Amended Complaint against Defendants be DISMISSED, for failure to

---

[1] The Court declines to exercise jurisdiction over Plaintiff's state law medical malpractice claims. McLaurin v. Prater, 30 F.3d 982, 984-94 (8th Cir. 1994).

state a claim upon which relief may be granted.

2.  Plaintiff's Motion to Appoint Counsel (Doc. No. 7) be DENIED.

3.  Dismissal of this action constitute a "strike" within the meaning of the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(g).[2]

4.  The Court certify that an in forma pauperis appeal from an Order and Judgment dismissing this action would not be taken in good faith, pursuant to 28 U.S.C. § 1915(a)(3).

IT IS SO RECOMMENDED this 18th day of June, 2020.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE

---

[2] The statute provides that a prisoner may not file an in forma pauperis civil rights action or appeal if the prisoner has, on three or more prior occasions, filed an action or appeal that was dismissed as frivolous, malicious or for failure to state a claim, unless the prisoner is under imminent danger of serious physical injury.