IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

KEVIN D. QUINTON, SR.,                                                                     PLAINTIFF
ADC #141610

v.                                         3:20CV00146-DPM-JTK

SHIELA ARMSTRONG et al.                                                            DEFENDANTS

## **PROPOSED FINDINGS AND RECOMMENDATIONS**

### **INSTRUCTIONS**

The following recommended disposition has been sent to United States District Chief Judge D. P. Marshall Jr.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.    Why the record made before the Magistrate Judge is inadequate.

2.    Why the evidence proffered at the hearing before the District Judge (if such a Hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.    The detail of any testimony desired to be introduced at the hearing before the

1

District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

### I.   Introduction

Plaintiff Kevin Quinton is a state inmate confined at the Ouachita River Unit of the Arkansas Division of Correction (ADC), who filed this pro se 42 U.S.C. § 1983 action alleging improper medical care by Defendants Armstrong, Allen, and Simmons while he was incarcerated at the Grimes Unit. (Doc. No. 2). By Order dated May 27, 2020, this Court granted Plaintiff's Motion to Proceed in forma pauperis in this lawsuit, but directed him to amend his Complaint in thirty days, noting that he did not allege specific facts with respect to the three named Defendants. (Doc. No. 4) After review of Plaintiff's Amended Complaint (Doc. No. 6), this Court recommended that it be dismissed for failure to state a claim upon which relief may be granted. (Doc. No. 8).

Plaintiff then filed Objections to the Recommendation, together with a Motion to Amend his Complaint to add Dr. Carpenter and Nurse Wood as Defendants. (Doc. Nos. 9-11) United States District Chief Judge D. P. Marshall Jr. adopted the Recommendation as to Defendants Simmons,

Allen and Armstrong, granted Plaintiff's Motion to Amend, and referred the matter back to me to set a date for Plaintiff's final amendment and for service or a recommendation about Defendants Carpenter and Wood. (Doc. No. 12)

Plaintiff has now submitted a second Amended Complaint (Doc. No. 15) in accordance with my July 14, 2020 Order. (Doc. No. 14) Having reviewed such, I find his Complaint against Defendants Wood and Carpenter should be dismissed, for failure to state a clam upon which relief may be granted.

**II.     Screening**

The Prison Litigation Reform Act (PLRA) requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee.   28 U.S.C. § 1915A(a).   The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief.   28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).   Whether a plaintiff is represented by counsel or is appearing pro se, his complaint must allege specific facts sufficient to state a claim.   See Martin v. Sargent, 780 F .2d 1334, 1337 (8th Cir.1985).   An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).   In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction.   Haines v. Kerner, 404 U.S. 519, 520 (1972).   The Court must also weigh all factual allegations in favor of

3

the plaintiff, unless the facts alleged are clearly baseless.  Denton v. Hernandez, 504 U.S. 25, 32 (1992).

Additionally, to survive a court's 28 U.S.C. § 1915(e)(2) and 42 U.S.C. § 1997e(c)(1) screening, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009), citing Twombly, 550 U.S. at 570.  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  Twombly, 550 U.S. at 556-7.  The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully.  Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of entitlement to relief."  Id.

**III.    Facts and Analysis**

In the second Amended Complaint, Plaintiff alleged that he injured his knee while at the Grimes Unit on April 24, 2019, and later underwent a MRI at University Health-Harris Hospital in Newport on June 6, 2019. (Doc. No. 15, p. 4) He saw Dr. Carpenter (identified as an orthopedic surgeon at White River Medical Center in Batesville) on June 25, 2019 for a consult. (Id.) Dr. Carpenter stated he did not see any notes in Plaintiff's file from the MRI, but Plaintiff alleged that a CD copy of the MRI and notes were included in his file. (Id.) Carpenter diagnosed his injury as a knee sprain, told him to continue isometric exercises, and prescribed him a neoprene sleeve for the knee.(Id.) Although Plaintiff told Carpenter that the exercises hurt his knee, Carpenter did not listen and directed Plaintiff to work on his range of motion. (Id., p. 5)

Plaintiff continued to suffer pain and was transferred to the Randall Williams Unit in Pine

the plaintiff, unless the facts alleged are clearly baseless.  Denton v. Hernandez, 504 U.S. 25, 32 (1992).

Additionally, to survive a court's 28 U.S.C. § 1915(e)(2) and 42 U.S.C. § 1997e(c)(1) screening, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009), citing Twombly, 550 U.S. at 570.  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  Twombly, 550 U.S. at 556-7.  The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully.  Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of entitlement to relief."  Id.

**III.    Facts and Analysis**

In the second Amended Complaint, Plaintiff alleged that he injured his knee while at the Grimes Unit on April 24, 2019, and later underwent a MRI at University Health-Harris Hospital in Newport on June 6, 2019. (Doc. No. 15, p. 4) He saw Dr. Carpenter (identified as an orthopedic surgeon at White River Medical Center in Batesville) on June 25, 2019 for a consult. (Id.) Dr. Carpenter stated he did not see any notes in Plaintiff's file from the MRI, but Plaintiff alleged that a CD copy of the MRI and notes were included in his file. (Id.) Carpenter diagnosed his injury as a knee sprain, told him to continue isometric exercises, and prescribed him a neoprene sleeve for the knee.(Id.) Although Plaintiff told Carpenter that the exercises hurt his knee, Carpenter did not listen and directed Plaintiff to work on his range of motion. (Id., p. 5)

Plaintiff continued to suffer pain and was transferred to the Randall Williams Unit in Pine

Bluff on July 28, 2019. (Id.) Dr. Burk at Jefferson Regional Medical Center saw Plaintiff on August 16, 2019 and reviewed the MRI of his knee. (Id.) He then ordered another MRI and performed surgery to repair a tear in Plaintiff's left calf muscle on September 5, 2019. (Id.) On September 8, 2019, Defendant Wood, a nurse at the Unit, treated Plaintiff for a post-operative infection and prescribed antibiotics. (Id., pp. 5-6) However, Wood failed to schedule a post-operative consult or notify him that follow-up was not needed. (Id., p. 6) Plaintiff was transferred to the Pine Bluff Unit and then to the Ouachita River Unit for rehab on his left knee. (Id.) However, he continues to suffer severe pain in his left knee and can no longer run, jump or engage in other activities. (Id., pp. 6-7) Plaintiff claims Defendant Carpenter failed to properly examine him and ignored his complaints of pain, and that Defendant Wood violated policies and procedures by failing to schedule a post-operative consultation. (Id.) He also alleges state law medical malpractice claims against both Defendants.

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). "'[S]tate employment is generally sufficient to render the defendant a state actor.'" Id. (quoting Lugar v. Edmondson Oil Co., 457 U.S. 922, 936, n. 18 (1982)). In West, the United States Supreme Court held that a physician who was employed by the state of North Carolina to provide medical services to state prison inmates acted under color of state law when treating an inmate's injury. The Court stated, "[w]hether a physician is on the state payroll or is paid by contract, the dispositive issue concerns the relationship among the state, the physician, and the prisoner." 487 U.S. at 56.

In this particular case, Plaintiff identifies Dr. Carpenter as an orthopedic surgeon employed by the White River Medical Center. However, Plaintiff does not allege any contract between Dr. Carpenter and the State of Arkansas, or that Carpenter was paid by the State. Therefore, the Court finds that Plaintiff cannot sue Defendant Carpenter in this § 1983 action because he is not considered a state actor.

To support a claim for an Eighth Amendment violation against Defendant Wood, Plaintiff must allege that she acted with deliberate indifference to a serious medical need. Farmer v. Brennan, 511 U.S. 825, 834 (1994). However, even negligence in diagnosing or treating a medical condition does not constitute a claim of deliberate indifference. Estelle v. Gamble, 429 U.S. 97, 105-06 (1976). Rather, the "prisoner must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not rise to the level of a constitutional violation," Estate of Rosenberg v. Crandell, 56 F.3d 35, 37 (8th Cir. 1995). See also Smith v. Marcantonio, 910 F.2d 500, 502 (8th Cir. 1990) (holding that a mere disagreement with a course of medical treatment is insufficient to state a claim for relief under the Eighth Amendment). In addition, the violation of policies and/or procedures does not support a constitutional claim for relief. Williams v. Nix, 1 F.3d 712, 717 (8th Cir. 1992).

Plaintiff's allegation against Defendant Wood, that she failed to schedule a post-operative consult or notify him that a follow up was not needed, does not support a claim of deliberate indifference. Plaintiff admitted Wood treated him for an infection and prescribed antibiotics, and he provided no evidence that the failure to schedule further treatment was the result of deliberate indifference on Wood's part. In addition, as noted above, the fact that Wood allegedly violated a policy does not support a constitutional claim for relief.

Because the Court finds that Plaintiff cannot sue Dr. Carpenter in this action, and that his allegations against Defendant Wood fail to state a constitutional claim for relief, the Court should decline to exercise jurisdiction over Plaintiff's state law medical malpractice claims. McLaurin v. Prater, 30 F.3d 982, 984-94 (8th Cir. 1994).

**IV.     Conclusion**

IT IS, THEREFORE, RECOMMENDED that:

1.    Plaintiff's second Amended Complaint against Defendants Carpenter and Wood be DISMISSED, for failure to state a claim upon which relief may be granted.

2.    Dismissal of this action constitute a "strike" within the meaning of the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(g).[1]

3.    The Court certify that an in forma pauperis appeal from an Order and Judgment dismissing this action would not be taken in good faith, pursuant to 28 U.S.C. § 1915(a)(3).

IT IS SO RECOMMENDED this 28th day of July, 2020.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE

---

[1] The statute provides that a prisoner may not file an in forma pauperis civil rights action or appeal if the prisoner has, on three or more prior occasions, filed an action or appeal that was dismissed as frivolous, malicious or for failure to state a claim, unless the prisoner is under imminent danger of serious physical injury.